**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peggy Haller, individually, ) | No. CV 05-2439-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Hartford Fire Insurance Company, ) | |
| Defendant. ) | |

On or about April 12, 2005, Plaintiff commenced this action in the Superior Court of Maricopa County, Arizona, asserting state law claims arising from injuries Plaintiff allegedly sustained in an automobile accident with a third party on March 24, 2001. At the time of the accident, Plaintiff was driving a vehicle insured through an automobile insurance policy issued by Defendant Hartford Fire Insurance Company. On August 12, 2005, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Defendant stated in the notice of removal "that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and the action is between citizens of different states." (Doc. 1, notice of removal, para. 3). Plaintiff is a citizen of Arizona and Defendant is an Indiana corporation with its principal place of business in Indianapolis, Indiana. There is no dispute that the parties are of diverse citizenship.

Plaintiff has filed a motion to remand this case to state court supported by a memorandum of points and authority. (Doc. 13). Defendant has filed a response in opposition (Doc. 14) and Plaintiff has filed a reply. (Doc. 15). The Court has determined that oral argument would not materially assist in the resolution of the issues raised in the motion to remand.

In this case, Plaintiff's motion to remand filed on September 12, 2005 (Doc. 13) was filed within 30 days of the August 12, 2005 notice of removal. (Doc. 1).[1] Plaintiff contends that Defendant has not sustained its burden of actually proving the facts in support of diversity jurisdiction, including the amount in controversy. Plaintiff asserts that Defendant's conclusory allegation in the notice of removal that the "matter in controversy exceeds the sum or value of $75,000.00" without citation to the complaint or other explanation is insufficient to confer jurisdiction. Plaintiff therefore argues that this case should be remanded to state court.

In its response opposing the motion to remand, Defendant points out that Plaintiff has alleged in the complaint that the damages she sustained as a result of the accident far exceeded the $15,000.00 policy limits of the third party. Defendant also points out that Plaintiff seeks punitive damages and attorney's fees and that Plaintiff has certified that this case is not subject to compulsory arbitration, thereby representing that the damages would exceed $50,000.00. Defendant contends that Plaintiff has affirmatively represented that damages may exceed at least $40,000.00 and that Plaintiff's offer of judgment in the amount of $53,000.00 provides further evidence indicating the amount in controversy. Defendant also mentions that Plaintiff intends to refer this case to Calvin Thur whose past experience includes two bad faith/breach of contract lawsuits, indicating an estimated damages range

---

[1] Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Section 1447(c) further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Plaintiff in this case has challenged subject matter jurisdiction.

1  of $150,000 to $200,000.  Based on these points of argument, Defendant contends that it has
2  demonstrated that if Plaintiff proves most or all of her allegations, the case would likely
3  exceed the jurisdictional limit. In the alternative, Defendant contends that if this case is
4  remanded, Plaintiff should stipulate that her damages will not exceed $75,000.00.

5  In her reply, Plaintiff states that she did not file an Offer of Judgment but simply
6  certified for purposes of arbitration that the value of her claims exceeded $50,000.00.
7  Plaintiff re-emphasizes that Defendant has offered no evidence but simply speculation as to
8  the possible damages amount and that remand is appropriate.

9  Plaintiff alleges in the complaint that Defendant has refused to voluntarily pay
10 benefits under its insurance contract and has breached the duty of good faith and fair dealing
11 owed to the Plaintiff.  Plaintiff seeks damages, including punitive damages, and an award of
12 attorney's fees.  Plaintiff did not allege a damages sum certain in the complaint.

13 In order to remove Plaintiff's Arizona state law civil action, Defendant must show that
14 "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
15 costs."  28 U.S.C. § 1332(a), § 1441(a).  The jurisdictional minimum may be satisfied by
16 claims for special and general damages, attorneys' fees and punitive damages.  See Conrad
17 Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D.Cal. 1998). In this
18 case, it is not facially evident from the complaint that more than $75,000 is in controversy.
19 Defendant therefore is required to "provide evidence establishing that it is 'more likely than
20 not' that the amount in controversy exceeds that amount."  Valdez v. Allstate Insurance
21 Company, 372 F.3d 1115, 1117 (9th Cir. 2004)(citing Sanchez v. Monumental Life Ins. Co.,
22 102 F.3d 398, 404 (9th Cir. 1996)). Conclusory allegations, "neither [overcome] the 'strong
23 presumption' against removal jurisdiction, nor [satisfy] [the defendant's] burden of setting
24 forth, in the removal petition itself, the underlying facts supporting its assertion that the
25 amount in controversy exceeds" the applicable dollar value.  Gaus v. Miles, Inc., 980 F.2d
26 564, 567 (9th Cir. 1992).  To satisfy the preponderance of the evidence test for jurisdiction,
27 the defendant may present facts in the removal petition as well as summary-judgment-type
28

1 evidence relevant to the amount in controversy at the time of removal.  <u>Valdez</u>, 372 F.3d at
2 1117.

3     In this case, Defendant's removal petition states in conclusory fashion that "the matter
4 in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs ..."  No
5 other facts or evidence are cited in support of this conclusory assertion.  Defendant's
6 discussion of relevant "facts" in its response does not present sufficient evidence showing
7 that the total amount in controversy exceeds $75,000.00.  Plaintiff's refusal to stipulate that
8 her claims do not exceed $75,000.00, standing alone, does not assist Defendant in its burden
9 of proof on the jurisdictional issue.  <u>See</u> <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316,
10 1320 (11th Cir. 2001). Defendant has not shown by underlying facts that the amount in
11 controversy requirement has been met in this case.

12     **Accordingly**,
13     **IT IS ORDERED** that Plaintiff's motion to remand to state court (Doc. 13) is granted.
14     **IT IS FURTHER ORDERED** that this cause and action shall be remanded to the
15 Superior Court of Maricopa County, State of Arizona.

16
17     DATED this 28th day of April, 2006.

_____
Mary H. Murguia
United States District Judge